Filed 10/18/13  P. v. Knowles CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICHARD MELVILLE KNOWLES,<br><br>        Defendant and Appellant. | C072043<br><br>(Super. Ct. No. 12F00496) |

Defendant Richard Melville Knowles pleaded no contest to possession of heroin for sale (Health & Saf. Code, § 11351) and admitted a prior strike.  The trial court imposed a stipulated four-year state prison term.

On appeal, defendant contends the trial court erred in imposing a booking fee and drug program fee without finding he had the ability to pay.  We shall modify the booking fee to reflect the correct statutory source for the fee and affirm the judgment as modified.

BACKGROUND

Elk Grove police officers conducted a vehicle stop for a failed middle brake light and a license plate violation.  Defendant was the driver; his girlfriend, the car's owner, was a passenger.  After learning defendant was on parole, officers conducted a search of

1

the car, which discovered 5.18 grams of heroin in a cylinder attached to a keychain and a plastic bag containing 2.3 grams of marijuana. The officers arrested defendant and booked him into Sacramento County Main Jail.

The probation report recommended defendant pay a $340.01 main jail booking fee pursuant to Government Code section 29550.2.[1]

At sentencing, the trial court ordered defendant "to pay a $340.01 main jail booking fee pursuant to Section 29550.2 of the Government Code" and "a drug program fee of $150 plus $130 in penalties and assessments." Defendant did not object to either fee.

## DISCUSSION
### I

Defendant contends the trial court erred in imposing the booking fee because it did not find he had an ability to pay it. We disagree.

A.

Before addressing defendant's contention, we address an initial error by the trial court regarding the booking fee.

The statute relied on by the trial court, section 29550.2, allows the county to recover the costs of booking from any convicted defendant who was arrested "by any governmental entity not specified in Section 29550 or 29550.1 . . . ." (§ 29550.2, subd. (a).)

Section 29550, subdivision (a)(1) provides in pertinent part: "Subject to subdivision (d) of Section 29551, a county may impose a fee upon a city, special district, school district, community college district, college, or university for reimbursement of county expenses incurred with respect to the booking or other processing of persons arrested by an employee of that city, special district, school district, community college

---

[1]     Undesignated statutory references are to the Government Code.

2

district, college, or university, where the arrested persons are brought to the county jail for booking or detention." Section 29550.1 allows a city or "other local arresting agency" to "recover any criminal justice administration fee imposed by a county from the arrested person if the person is convicted of any criminal offense related to the arrest." Since defendant was arrested by police officers from the City of Elk Grove, section 29550.1 governed defendant's booking fee.

Defendant and the Attorney General agree that the trial court stated the wrong statute as the source for the booking fee and the fee should be governed by section 29550.1. We agree.

If a defendant is arrested by an officer of one of the entities identified in section 29550.1 and is later convicted, then the trial court must impose the booking fee. (§ 29550.1 ["A judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person"].) Since defendant does not contest the amount of the fee imposed, we shall modify the source of the booking fee to section 29550.1.

B.

Section 29550.1 does not contain an ability to pay requirement, unlike section 29550.2, which does. (§ 29550.2, subd. (a) ["If the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person"].) Defendant contends we should read an ability to pay requirement into section 29550.1 as a matter of equal protection.[2]

---

**2** Since the trial court did not impose the fee under section 29550.1, the question of whether the requirement of an ability to pay should be read into the statute was not before it. Accordingly, defendant's failure to raise the equal protection question at trial does not forfeit the issue on appeal.

3

"The constitutional guaranty of equal protection of the laws means simply that persons similarly situated with respect to the purpose of the law must be similarly treated under the law. [Citations.] If persons are not similarly situated for purposes of the law, an equal protection claim fails at the threshold. [Citation.] The question is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

As previously discussed, section 29550, subdivision (a) authorizes a county to impose a fee on a city or other local agency for the costs of booking into county jail a person arrested by the relevant local agency. After the 2005-2006 fiscal year, "the fee imposed by a county pursuant to this subdivision shall not exceed one-half of the actual administrative costs, including applicable overhead costs . . . ." (§ 29550, subd. (a)(1).) Pursuant to section 29550.1, the local agency that paid the fee to the county may recover that fee from the arrestee arrested upon his or her conviction.

A person arrested by an entity not covered in sections 29550 and 29550.1, such as the California Highway Patrol, is governed by section 29550.2. If the arrestee is booked in a county jail and later convicted, the county can recover "the actual administrative costs, as defined in subdivision (c), including applicable overhead costs" from the arrestee. (§ 29550.2, subd. (a).)[3]

A comparison of the statutes shows that the section 29550.1 defendants are not similarly situated to those defendants ordered to pay a fee under section 29550.2. A

---

[3] Subdivision (c) of section 29550.2 limits the recoverable administrative costs to "those costs for functions that are performed in order to receive an arrestee into a county detention facility" and lists the recoverable costs, such as document preparation, fingerprinting, and inventory of the arrestee's property. Subdivision (d) of section 29550.2 states that subdivision (c) shall not govern the court's interpretation of administrative costs in sections 29550 and 29550.1.

4

county can only recover half of the costs of booking a defendant arrested by a local agency covered by section 29550, which the arresting entity then passes onto the defendant through section 29550.1.  By contrast, a defendant arrested by an entity governed by section 29550.2 will have to pay the full costs of booking to the county.

Since section 29550.1 imposes only half the fee covered by section 29550.2, section 29550.1 defendants and section 29550.2 defendants are not similarly situated. Therefore, we decline to read an ability to pay requirement into section 29550.1.

II

The trial court imposed a drug program fee without making a finding that defendant had an ability to pay the fee, as required by statute.  (Health & Saf. Code, § 11372.7, subd. (b).)  Defendant contends the court's failure to make the finding requires us to vacate the fee.

Defendant did not object to the lack of a finding he had an ability to pay, which forfeits the contention on appeal.  (*People v. McCullough* (2013) 56 Cal.4th 589, 599 [failure to raise ability to pay a fee at sentencing forfeits the contention on appeal].)

DISPOSITION

The source of the $340.01 booking fee is modified to Government Code section 29550.1.  As modified, the judgment is affirmed.  The trial court shall prepare an abstract of judgment reflecting the modification and forward a certified copy to the Department of Corrections and Rehabilitation.

           BLEASE        , Acting P. J.

We concur:

    MAURO      , J.

    DUARTE     , J.

5